UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>Ines VILLEGAS-Solano,<br><br>Defendant | Magistrate Docket No. 08 MJ 0849<br><br>COMPLAINT FOR VIOLATION OF:<br><br>Title 8, U.S.C., Section 1326<br>Deported Alien Found in the<br>United States |

The undersigned complainant, being duly sworn, states:

On or about **March 17, 2008** within the Southern District of California, defendant, **Ines VILLEGAS-Solano,** an alien, who previously had been excluded, deported and removed from the United States to **Mexico**, was found in the United States, without the Attorney General or his designated successor, the Secretary of the Department of Homeland Security (Title 6, United States Code, Sections 202(3) and (4), and 557), having expressly consented to the defendant's reapplication for admission into the United States; in violation of Title 8 United States Code, Section 1326.

And the complainant further states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

SIGNATURE OF COMPLAINANT
James Trombley
Senior Patrol Agent

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE, THIS **18th DAY** OF **MARCH 2008**

Leo S. Papas
UNITED STATES MAGISTRATE JUDGE

CONTINUATION OF COMPLAINT:
Ines VILLEGAS-Solano

## PROBABLE CAUSE STATEMENT

On March 17, 2008, Border Patrol Agents J. Castillo, L. Ayala and D. Moreira were performing intelligence operations in a plain-clothes capacity while driving in agency issued unmarked government vehicles. Senior Patrol Agent J. Angeli was performing intelligence operations in full service uniform and driving in a marked Border Patrol vehicle. The Agents were working near Japatul Valley Road, in Alpine California. This area is approximately nine miles west of the Tecate Port of Entry and twelve miles north of the international boundary between the United States and Mexico.

At approximately 1:20am, Agent Castillo observed a black Chevrolet Blazer drive eastbound on Japatul Valley Road, past her location at the corner of Hidden Glen and Japatul Valley Rd. Approximately ten minutes later, Agent Castillo noticed the same vehicle drive westbound, now heavily laden. Agent Castillo notified Border Patrol dispatch and requested a vehicle registration and stolen vehicle check. Dispatch notified Agent Castillo that the vehicle was not stolen and the registered owner was Jorge Ventura of Oceanside, California. Agent Castillo notified Agent Angeli of her observations and requested his assistance with a vehicle stop.

At approximately 1:25am, Agent Angeli conducted a vehicle stop. Agent Angeli and Agent Castillo approached the vehicle and noticed two individuals in the front seat and three individuals in the back seat attempting to conceal themselves. Agent Angeli and Castillo identified themselves as Border Patrol Agents and performed an Immigration Inspection. The driver, identified as Jorge Ventura admitted to being a citizen of Mexico and had in his possession a Lawfully Admitted Permanent Residence card. Agent Castillo also noticed two individuals in the trunk area, attempting to conceal themselves. Agent Angeli questioned all the individuals in the vehicle as to their citizenship. All passengers including one later identified as the defendant **Ines VILLEGAS-Solano** stated they were citizens of Mexico, illegally without any immigration documents that would allow them to enter or remain in the United States legally. The driver and all six of the individuals were arrested and transported to the Brown Field Station for processing.

Routine record checks of the defendant revealed a criminal and immigration history. The defendant's record was determined by a comparison of his criminal record and the defendant's current fingerprint card. Official immigration records of the Department of Homeland Security revealed the defendant was previously deported to **Mexico** on **June 14, 2004** throug h **Nogales, Arizona.** These same records show that the defendant has not applied for permission from the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security, to return to the United States after being removed.