Ines Villegas-Solano
33074359
FCC/CCA  P.O. BOX 6900
Florence, Az. 85232

```
FILED
JUL 1 0 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                    DEPUTY
```

Movant / pro se

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF CENTRAL CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br><br>Vs.<br><br>Ines Villegas-Solano,<br>    Movant. | Case No. 08CR1110 W<br><br>MEMORANDUM OF LAW IN SUPPORT OF MOTION TO CORRECT, VACATE, SET ASIDE SENTENCE, BY AN INMATE IN FEDERAL CUSTODY PURSUANT TO 28 U.S.C. §2255 |

   Mr. Solano was arrested and indicted for Illegal Reentry, in violation of 8 U.S.C. §1326. Subsequently, he was convicted and sentenced to a 24 month prison term.

   Mr. Solano plead guilty upon an offer of 36-24 months plea bargain. However, Mr. Solano now contends that the plea bargain which he accepted, failed to comport with due process of law.

   Mr. Solano's plea bargain does not take into account any of numerous factors which could have warranted a lower sentence such as his personal characteristics, the length of time between crime and the lack of recidivism, and the fact that he is a deportable alien who faces objectively more sever prison conditions that non alien prisoner.

   Hence, Mr. Solano respectfully moves this Honorable Court correct the sentence that has been imposed upon him and to resentence to a term of time served.

## Custody

Mr. Solano is now, in physical custody, detained at the Florence Correctional Center of Corrections Corporation of America, "FCC/CCa," at P.O. BOX 6900 Florence, AZ. 85232.

The federal post conviction relief statute which provides for habeas corpus relief, provides that the motion for relief thereunder may be filed by a prisoner "in custody" under a sentence of a court established be an act of Congress, (28 U.S.C. §2255).

Consistent with this language, it has been recognized that a motion to vacate a sentence will not lie under the federal post-conviction relief statute unless the movant is in custody under such sentence. <u>United States V. Condit</u>, 621 F.2d 1096 (10th Cir. 1980).

Moreover, under the Uniform Post-Conviction Relief Act, which authorizes the filing of an application for relief by a person who has been convicted and sentenced for a crime, the remedy of postconviction relief is available whether or not the applicant is in custody under the sentence challenged.

## Venue

Venue lies in the United States District Court of Arizona, due to it being the court where Mr. Solano was sentenced and in which judicial jurisdiction Mr. Solano resides in. See 28 U.S.C. §1391(e).

.

## Exhaustion of Remedies

The federal postconviction relief statute, (28 U.S.C. §2255) which provides an alternative remedy to habeas corpus for federal prisoners, precludes relief by means of a Writ of Habeas Corpus in many instances. Thus, the statute expressly provides that an application for a Writ of Habeas Corpus on behalf of a prisoner who is authorized to apply for relief by motion under the statute may not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the remedy of his detention. 28 U.S.C. §2255.

Whereas, section 2241-2254 (dealing with Federal Habeas Corpus for those in State Custody) speak of the District court judge "issuing the writ" as the operative remedy, section 2255 provides that if the judge finds the movant's assertions to be meritorious he "shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." This is possible because a motion under section 2255 is a further step in the movant's criminal case and not a separate civil action, as appears from the legislative history of section 2 of S. 20, 80th Congress, the provisions of which were incorporated by the same Congress in title 28 U.S.C. as sec. 2255.

The Uniform Post Conviction Procedure Act, which also

provides a means for a person convicted of and sentenced for a crime to seek relief on certain Constitutional and other grounds of by means of an application for relief in the Court in which the conviction and sentence took place, includes a provision stating that, except as otherwise provided in the Act, a proceeding thereunder replaces all other common law, statutory, or other remedies previously available for collaterally challenging the validity of a judgment or sentence. See Uniform Post Conviction Act (1980) §1(b).

### Jurisdiction

See Rule 1. (Effective February 1, 1977, as Amended to January 26, 1998).

These rules govern the procedure in the District Court on a motion under 28 U.S.C. §2255:

> (1) By a person in custody pursuant to a judgment of that court for a determination that the judgment was imposed in violation of the Constitution or law of the United States, . . . "or that the sentence was in excess of the maximum authorized by law, . . ."

### Law and Argument

On January 12, 2005, the Supreme Court handed down its decision in the consolidated cases of United States V. Booker, and United States V. Fanfan, 125 S.Ct. 738 (2005).

In the first opinion, authorized by Justice Stevens, the Court held that the rule of Blakely V. Washington, 124 S.Ct. 2531 (2004) applies to federal sentencing guidelines because their mandatory application under the Sentencing Reform Act of 1984

(SRA) renders the top of each guidelines range a "statutory maximum" punishment for Apprendi purposes. Guidelines enhancements based on judge found facts, which increase the applicable sentencing range and thus the statutory maximum, therefore, violated the Sixth Amendment right to Jury trial.

In the Second opinion, authored by Justice Stevens, the court held that the proper remedy, in light of the Court's Sixth Amendment holding, is fir the Court to judicially strike the language from the SRA that makes the sentencing guidelines mandatory. The guidelines thus become "effectively advisory" in all cases, including in those in which there are no Sixth Amendment-offending enhancements. As a result, the guidelines are now just one factor to consider in imposing a sentence that is "sufficiently but not greater than necessary" to achieve the purposes of sentencing set forth in 18 U.S.C. §3553(a)(2).

In Justice Breyer's opinion, the Court ruled 5-4 that the mandatory nature of the federal sentencing guidelines is "incompatible" with the Booker Court's Sixth Amendment holding, and that 18 U.S.C. §3553(b)(1) (providing that District Courts "shall" impose a guideline sentence) and §3742(e)(setting forth standards of appellate review) can and must be severed from the remainder of the SRA and excised. Booker, 125 S.Ct. at 756-57. This in the remedy majority's words, makes the sentencing guidelines "effectively advisory" in all cases. Id. at 757.

The result is that District Courts must impose a sentence that is "sufficient but not greater than necessary" to achieve the purposes of sentencing set forth in 18 U.S.C. §3553(a)(2),

after considering:

   (1) the nature and circumstances of the offense and the history and characteristics of the defendant [§3553(a)(1)];

   (2) the kinds of sentences available [§3553(a)(3)];

   (3) the guidelines and policy statements issued by the Sentencing Commission, including the (now non-mandatory) guideline range [§3553(a)(4) & (a)(5)];

   (4) the need to avoid unwarranted sentencing disparity among defendants with similar records that, have been found guilty of similar conduct [§3553(a)(6)]; and

   (5) the need to provide restitution to any victim of the offense [§3553(a)(7)].

   The remedy majority then concluded that severance and excision at the sections of the SRA that make sentencing guidelines mandatory would both cure the Sixth Amendment problem and be preferred (over total invalidation of the SRA) by Congress An advisory guidelines system would promote some degree of sentencing Uniformity because (1) judges would still be required "to take account of" and "consult" the guidelines in determining a sentence, and (2) sentences would still be subject to the harmonizing effect of appellate review, with the Sentencing Commisison able, in turn, to make guideline amendment decisions based on appellate case law.

   Mr. Solano plead guilty to a plea bargain that did not comport with the Supreme Court's decision as set forth in Booker V. United States, Id.

   Therefore, this Court should remand and resentence Mr. Solano after having considered a sentence that would conform with the parameters that are set forth in Booker V. United States, Id.

   E.g., Mr. Solano should be resentenced to a term that takes

account for an early release date. Mr. Solano's status as a deportable alien unnecessarily places him in a more restrictive status of confinement, and denies him the access to BOP's treatment, early release, and community confinement programs that are otherwise available to the general prison population. See United States V. Davoudi, 172 F.3d 1130 (9th Cir. 1999) (where Defendant convicted of making false statements to bank, district court had discretion to depart downward because deportable alien may be unable to take advantage of minimum security designation of the up to six months of home confinement authorized by 18 U.S.C. §3624(c)).

RESPECTFULLY SUBMITTED, this 30th day of June, 2008.

_____
Inés Villegas-SOLANO
Movant / pro se

## CERTIFICATE OF FILING AND SERVICE

I certify, pursuant to 28 U.S.C. §1746, that an original and a true correct copy of the foregoing "Motion to Correct, vacate of set aside a sentence by an inmate in Federal Custody," was filed with this Court's Clerk and upon the plaintiff, via first class mail, in sealed envelopes address to, Sandra Day O'Connor Courthouse, U.S. District Court, 401 W. Washington Street, SPC-1, Phoenix, Az. 85003-2118 and to the plaintiff at the same address by placing them in the internal mailing system of FCC/CCA, P.O. BOX 6900, Florence, Az. 85232 on this 30th day of June, 2008, pursuant to Houston V. Lack, 487 U.S. 266, 270 (1988).

RESPECTFULLY SUBMITTED, this 30th day of June, 2008.

_____
Ines Villegas-SOLANO
Movant / pro se

JS44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

**I (a) PLAINTIFFS**
Ines Villegas-Solano

**DEFENDANTS**
United States of America

FILED JUL 1 0 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF**
(EXCEPT IN U.S. PLAINTIFF CASES)

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
Ines Villegas-Solano
PO Box 6900
Florence, AZ 85232
33074-359

**ATTORNEYS (IF KNOWN)**
U.S. Attorney

**II. BASIS OF JURISDICTION** (PLACE AN x IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

|  | PT | DEF |  | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. CAUSE OF ACTION** (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).

28 U.S.C. 2255

**V. NATURE OF SUIT** (PLACE AN X IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| | PERSONAL INJURY | PERSONAL INJURY | | | |
| ☐ 110 Insurance | ☐ 310 Airplane | ☐ 362 Personal Injury-Medical Malpractice | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reappointment |
| ☐ Marine | ☐ 315 Airplane Product Liability | | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC881 | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ Negotiable Instrument | ☐ 330 Federal Employers' Liability | | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment &Enforcement of Judgment | | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 RR & Truck | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veterans Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 861 HIA (13958) | ☐ 850 Securities/Commodities Exchange |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC |
| ☐ Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☒ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ 791 Empl. Ret. Inc. | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ Security Act | | ☐ 950 Constitutionality of State |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |

**VI. ORIGIN** (PLACE AN X IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removal from State Court
- ☐ 3 Remanded from Appelate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23
DEMAND $ 
Check YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See Instructions): JUDGE _____ Docket Number _____

DATE 7/10/2008

~~SIGNATURE OF ATTORNEY OF RECORD~~
*[signature]*